UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| RONALD LAMONT SUTTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:18 CV 63 CDP |
| PAM BUCHANAN, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Ronald Lamont Sutton moves for the appointment of counsel to assist him in this prisoner civil rights action. Because Sutton has demonstrated an adequate ability to present his claims to this Court, I will deny the motion. I will also deny Suttons's newly-filed motions to compel for the same reasons set out in my order entered January 4 denying his other discovery motions.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In deciding whether to appoint counsel for an indigent plaintiff, I should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claims. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

Sutton has presented non-frivolous allegations in his complaint and has demonstrated that he can adequately present his claims to the Court. Moreover, neither the factual nor legal issues in this case are complex. Sutton claims that defendants

violated his Eighth Amendment rights when they subjected him to excessive use of force, failed to intervene to end an assault, and/or were deliberately indifferent to his serious medical needs. He has been able to identify the defendants allegedly responsible for his injuries, the dates upon which the alleged unlawful conduct occurred, and the circumstances giving rise to the alleged occurrences. Further, this case is in its preliminary stage. Whether conflicting evidence or testimony exists will become apparent as the case proceeds and upon consideration of summary judgment motions, if any are filed. I will therefore deny Sutton's motion for the appointment of counsel.

Also, for the reasons set out in my Memorandum and Order entered January 4 (*see* ECF 48), Sutton's newly-filed motions to compel discovery will likewise be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Appointment of Counsel [49], Motion to Compel Discovery Under Rule 37(a)(3)(B) [50], and Motion to Compel Discovery [51] are denied without prejudice.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2019.