UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RONALD LAMONT SUTTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:18 CV 63 CDP |
| PAM BUCHANAN, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

On April 6, 2020, I denied defendants' motions for summary judgment on Missouri state prisoner Ronald Lamont Sutton's pro se claims of excessive use of force and deliberate indifference to serious medical needs and ordered that the case be set for trial after the national emergency for the COVID 19 pandemic ended. Given that the matter would proceed to trial, I also determined to appoint counsel to represent Sutton for such purpose but did not do so at that time because of the pandemic. (*See* ECF 108.) Although the national emergency continues, Sutton has filed several "motions" asking for justice for defendants' past misdeeds and for conduct presently occurring at the Northeast Correctional Center (NECC), his current place of confinement. He also "moves" for status updates of this case, including the status of appointed counsel; and he requests copies of documents and forms to bring more cases under 42 U.S.C. § 1983. I will deny these motions.

A review of the docket sheet shows that the Clerk of Court recently mailed Sutton copies of the docket sheet as well as several forms for filing a § 1983 civil rights complaint.  To the extent Sutton moves for "justice" on claims regarding his current conditions of confinement, such claims must be made in a new § 1983 action given that the allegations in this case involve only Dunklin County employees and conduct occurring at the Dunklin County Jail, and not any conduct at NECC.  However, Sutton is reminded that this Court and the Eighth Circuit Court of Appeals have found that he is a "three-striker" under 28 U.S.C. § 1915(g). *See Sutton v. St. Francis Med. Ctr.*, Case No. 1:19CV212 SPM, ECF 4; *Sutton v. Dunklin Cty.*, Case No. 1:19CV106 HEA, ECF 25.  Accordingly, he must either pay the full filing fee when filing a new complaint or demonstrate that he "is under imminent danger of serious physical injury" if he seeks leave to proceed *in forma pauperis*.  28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001).  To the extent Sutton seeks justice in this case and for counsel to assist him in seeking such justice, the COVID 19 pandemic has forced this and many other cases to essentially come to a standstill.  As I indicated in my April 2020 memorandum and order, I will appoint counsel and set the case for trial once the national emergency ends.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Ronald Lamont Sutton's motions

to compel justice, for status updates, for forms, and for other similar relief [110] [111] [112] [113] are **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of August, 2020.