**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| RONALD LAMONT SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-00063-JAR |
| | ) | |
| PAM BUCHANAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Ronald Lamont Sutton's Counsel's Motion

for Leave to Withdraw. (Doc. 152). For the reasons discussed below, the motion will be granted.

**I.      BACKGROUND**

On November 8, 2015, Plaintiff was a pretrial detainee at Dunklin County Jail. Plaintiff

was released on December 9, 2015 but returned in August 2016 for a probation violation. (Doc.

108 at 1-2). Plaintiff alleges that Defendants used excessive force and acted with deliberate

indifference during separate incidents occurring in November 2015 and October 2016

respectively. (Doc. 15). On April 6, 2020, Judge Catherine Perry denied several motions for

summary judgment and indicated the matter would be set for trial when feasible in light of the

COVID-19 pandemic. (Doc. 108 at 13). Judge Perry appointed Steven Alagna of Bryan Cave

LLP as pro bono counsel to represent Plaintiff. (Doc. 126). Nathan Puckett and J. Bennett Clark,

also of Bryan Cave LLP, later entered appearances on behalf of Plaintiff (collectively,

"Counsel"). The matter was transferred to this Court on June 10, 2021. (Doc. 130).

On December 10, 2021, Counsel filed an *ex parte* Motion to Withdraw. (Doc. 144).

Following multiple *ex parte* filings and Orders concerning Counsel's request (Docs. 145-49), the

Court ordered Counsel to publicly file a motion to withdraw and stated that Counsel may

substantially limit the contents of such motion in order to protect attorney-client privilege and

comply with their ethical duties. (Doc. 151). Counsel publicly filed the Motion to Withdraw

currently before this Court on January 21, 2022. (Doc. 152). Per this Court's Order (Doc. 153),

Counsel confirmed that Plaintiff is aware of the pending Motion to Withdraw and delivered

copies of the motion to Plaintiff's current address. (Docs. 154, 156). On January 26, 2022, this

Court ordered Plaintiff to file any objection to Counsel's motion within 10 days. (Doc. 155).

Plaintiff has not filed any objection, and the deadline for doing so has passed. Accordingly,

Counsel's Motion to Withdraw is ready for disposition.

## II.     ANALYSIS

This Court has adopted the Rules of Professional Conduct of the Supreme Court of

Missouri. *See* E.D. Mo. L.R. 12.02. In an *ex parte* filing, Counsel have indicated that they are

unable to maintain the cooperation and communication required of an attorney-client relationship

under Missouri Supreme Court Rules of Professional Conduct 4-1.2 and 4-1.4. (Doc. 144-1 at 5).

Per Rule 4-1.16(a)(1), moreover, a lawyer must withdraw if further representation will result in a

violation of the rules of professional conduct. *See also* Mo. S. Ct. R. Prof. Conduct 4-1.16(a)(7)

(requiring withdrawal if "other good cause" exists).

Courts "generally will not allow an attorney to withdraw unless substitute counsel enters

an appearance." *Ramshaw v. Ehret*, No. 4:20-CV-359-NAB, 2021 WL 4355350, at *1 (E.D. Mo.

Sept. 24, 2021). In these circumstances, however, the Court will permit Counsel to withdraw

because they have shown good cause and demonstrated that further representation may

jeopardize their ability to comply with the rules of professional conduct. Counsel have clearly

explained in their *ex parte* filings that there has been a fundamental breakdown in cooperation

and communication with Plaintiff. (Doc. 144-1). Counsel's difficulties communicating the contents of the pending Motion to Withdraw to Plaintiff substantiate Counsel's claims. (Doc. 149). The Court has provided Plaintiff ample opportunity to file any objection to Counsel's withdrawal, and Plaintiff has failed to do so. *See Cape Dogwood Redevelopment Corp. v. Global Bowling, LLC*, No. 1:19-CV-23 RLW, 2020 WL 4039310, at \*1 (E.D. Mo. July 17, 2020) (granting leave to withdraw despite lack of substitute counsel where party had sufficient notice of withdrawal).

The Court will grant Counsel's Motion to Withdraw based on the substantial information provided in Counsel's *ex parte* filings, Counsel's inability to adequately communicate with Plaintiff, and Plaintiff's decision not to object to Counsel's motion. Plaintiff is now self-represented. The Court advises Plaintiff that a self-represented litigant is not excused from complying with Court orders or substantive and procedural law "even without affirmative notice of the application of the rules to his case." *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002). In light of this Order, the Court will again on its own motion extend the deadlines for the parties to complete discovery and file dispositive motions. (Doc. 150).

Accordingly,

**IT IS HEREBY ORDERED** that Counsel's Motion for Leave to Withdraw (Doc. 152) is **GRANTED**, and Counsel **shall notify Plaintiff** of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Counsel's *Ex Parte* Motion to Stay Case Deadlines Pending Counsel's Motion to Withdraw (Doc 149) and Motion to Stay Case Deadlines Pending Disposition of Counsel's Motion to Withdraw (Doc. 157) are **DENIED as moot**.

**IT IS FINALLY ORDERED** that the deadlines for completing discovery and filing dispositive motions are each **EXTENDED BY FIFTEEN (15) DAYS**.

- 4 -

Dated this 14th day of February, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE